## HENRY S. BOWEN *vs.* ERASTUS W. SANBORN.

Proof that an officer has attached goods on a writ against a third person, and placed them
under the care of a keeper, who kept them under his control, and absolutely refused to
deliver them to the owner upon request, without asking time for consultation with the
officer, is sufficient evidence of a conversion; and the fact that the goods were consigned
to such third person for the purpose of sale, in boxes marked with his own name, and that
they were in his store with his own goods, all of which were attached at the same time,
does not vary this rule, if it appears that, at the time of making the attachment, the offi-
cer was informed that some of the goods in the store did not belong to the defendant in
the writ.

33 *

TORT against a deputy sheriff for poultry attached as the property of Otis E. Bowen.

At the trial in the superior court, there was evidence tending to show that the plaintiff was owner of the poultry in question; that he had sent it from his residence in Vermont, in boxes addressed to his brother, Otis E. Bowen, who was a commission merchant in Boston; that it was put in the store of Otis E. Bowen, separate and apart from other goods; that on Saturday next after Thanksgiving day in 1858, at about half past nine o'clock in the forenoon, the defendant attached all the goods in the store, including the boxes of poultry, on a writ against Otis E. Bowen, and put a keeper in charge thereof. The defendant testified that, at the time when the attachment was made, Otis E. Bowen informed him that some of the goods in the store did not belong to him, but did not mention whose they were; and the defendant did not ask which goods they were, but did inquire to whom they belonged, and was answered, "You will find that out soon enough." The keeper was called as a witness by the defendant and testified that, immediately after the defendant had left the store, Otis E. Bowen told him that the boxes of poultry in question belonged to his brother in Vermont.

There was also evidence tending to show that the brothers had arranged that morning to remove the poultry to a railroad depot, for the purpose of sending it by the noon train of cars to Needham, to freeze it, and then bring it into market again to be sold; that, at about eleven o'clock in the forenoon, the plaintiff went to the store, pointed out his property to the keeper, and demanded it of him for the purpose of removing it, as arranged; that the keeper refused to let him have it; that the plaintiff replied that he should sue for it; that he immediately commenced this action, and refused afterwards to have anything to do with the poultry; and that the keeper held control of all the property in the store until about half past one o'clock, at which time Otis E. Bowen deposited with the officer a sum of money suffi cient to secure the demand in the writ.

Upon this, and other evidence in the case, *Putnam,* J. in-

structed the jury that, if the defendant took the goods of the plaintiff on the writ, and put them in the charge of a keeper, and kept them, exercising control and dominion over them inconsistent with the rights of the plaintiff, this was in law a conversion, without a demand and refusal; and further instructed them, by consent of the parties, to find specially whether there was a demand and refusal in clear terms; and that such demand need not be made upon the defendant personally, but might be made upon the keeper who had the property in his possession and charge.

The defendant then requested the court to instruct the jury as follows: 1. If the plaintiff had property in the store of Otis E. Bowen, consigned for sale, with no marks to indicate that it was his property, then, before he could maintain this action, he must notify the defendant of his title and ownership, point out his property, demand the same, and give the defendant a reasonable opportunity to ascertain his title, especially if the property had upon it the name of Otis E. Bowen. 2. Proof of a demand upon the keeper is insufficient, provided the plaintiff might readily have found the defendant. 3. If the court rules that a demand upon the keeper is sufficient, then enough time must elapse before suit to enable the defendant reasonably to satisfy himself of the plaintiff's title.

The court declined to give the first and second instructions requested, but, as to the third, instructed the jury that, if a demand upon the defendant was necessary, the defendant should have a reasonable time to satisfy himself of the plaintiff's title.

The jury returned a verdict for the plaintiff, and found specially that there was such a demand and refusal as the plaintiff claimed. The defendant alleged exceptions.

*H. G. Hutchins*, for the defendant.

*A. A. Ranney*, for the plaintiff.

DEWEY, J. As a general rule, it may be stated that a taking of personal chattels by an officer on a writ of attachment, and placing them in the charge of a keeper, with directions to hold the same against the claim for the possession thereof by a party not the defendant, but the real owner thereof, would be amply

sufficient to warrant the jury in finding a conversion thereof in an action by the owner. *Woodbury* v. *Long*, 8 Pick. 543. *Blanchard* v. *Coolidge*, 22 Pick. 151. *Meade* v. *Smith*, 16 Conn. 346. But the present case goes much further, and finds a demand actually made by the true owner of the property upon the keeper thus holding the same under the order of the defendant, and a refusal by him to deliver up the same; and it is spe cially found by the jury that such demand and refusal were in clear terms.

But it is objected by the defendant that such demand should have been made upon the officer personally, and not upon the keeper. This position is, we think, untenable; and where the keeper has the possession and charge of the property, a demand may be made upon him by the owner, stating what property he claims and the ground of his claim. In such case, if the keeper asks no delay or opportunity to consult the officer, but absolutey refuses to deliver up the property, it is sufficient evidence of a conversion.

The further question arises upon the objection taken to the application of the rule as to conversion in ordinary cases of attachment to a case like the present. It is said that these articles were found in possession of the defendant in that suit in his store, which was that of a commission produce merchant, and having been directed to him by his name. But it appeared that, although there were other articles in the store at the time, there were no other articles of a similar kind with those of the plaintiff, and that the plaintiff's property was not actually intermingled with the property of the keeper of the store. It was admitted by the defendant that, at the time of the attachment, he was informed that some of the goods that were attached or in the store did not belong to the defendant in that suit, and that he did not ask what they were. With this knowledge he proceeded to attach them and place them in the custody of a keeper, of whom they were subsequently demanded as above stated.

In the opinion of the court, enough was done to notify the officer, and to remove any objection arising from the fact that

these goods were found in the store of Otis E. Bowen. If it can be considered a case of intermingling of goods, yet the plaintiff pointed out to the keeper his particular goods, and demanded the same of him.

The case of *Woodbury* v. *Long*, *ubi supra*, was a case of goods in the possession of one not the owner, and where there were other articles of personal property of the defendant in the writ of attachment, yet it was held that the action of trover might be maintained against the attaching officer without proving any demand, even when the goods were so situated that the officer might fairly have supposed them to be the property of the party whose goods he was directed to attach. That case will be found to bear strongly on the present. It was said in the opinion of the court in that case, as was said by the presiding judge in the present case, under such circumstances "the officer took the goods at his peril."

The case of *Smith* v. *Sanborn*, 6 Gray, 134, seems strongly to show that it was the duty of the defendant, after being informed that a portion of the articles in the store were the property of a third person and not belonging to the debtor, to request that such articles should be designated and pointed out before he took the entire goods by virtue of his writ of attachment. In the aspects in which the case is presented, in the opinion of the court, there is no ground for sustaining the exceptions. The rulings given were correct, and all proper rulings adapted to the case that were requested were given.

*Exceptions overruled.*